9/16/2022

UNITED STATES v DONVIE S EDDINGTON SR
CIVIL NO: 22-2001-DWD
CRIM NO: 21-30006-DWD

RE: FILING OF BRIEF, IE 28 USC 2255

DEAR CLERK:
PURSUANT TO (A)N ORDER TO AMEND
MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 28 USC 2255, DATED
9/7/2022, PLEASE FIND ENCLOSED FOR
FILING, MEMORANDUM OF LAW IN SUPPORT,
REQUEST FOR THE APPOINTMENT OF COUNSEL;
REQUEST FOR EVIDENTIARY HEARING WITH A
CERTIFICATE OF SERVICE.
  AS A PROFESSIONAL COURTESY, MAY I
PLEASE BE AFFORDED WITH A COPY OF THIS
FILING, ALONG WITH MY DOCKET TEXT SHEET.
THANK YOU FOR THIS CONSIDERATION.
  SINCERELY,

/S/ Donvie Eddington
DONVIE S EDDINGTON SR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS


DONVIE S EDDINGTON, SR
   MOVANT,

V      CIVIL NO: 22-2001

UNITED STATES OF AMERICA,
   RESPONDENT.


MOVANT'S MEMORANDUM OF LAW
IN SUPPORT OF HIS APPLICATION/
PETITION UNDER 28 USC 2255


COMES NOW, DONVIE S EDDING-

TON SR, PROCEEDING IN PRO SE, IN

NECESSITY, PURSUANT TO HAINES V

/ OF 25

KERNER, 404 US 519-520 (1972) BE-
FORE THIS HONORABLE COURT; HUMBLY
AND RESPECTFULLY MOVES IT TO GRANT
PETITIONER/MOVANT RELIEF PURSUANT
TO 28 USC SEC 2255, TO VACATE,
SET ASIDE AND CORRECT HIS SENT-
ENCE.

IN THIS MEMORANDUM BRIEF IN
SUPPORT, MOVANT AVERS THAT HE
WAS DENIED EFFECTIVE ASSISTANCE
OF COUNSEL, IN VIOLATION OF HIS 6TH
AND 14TH AMENDMENT RIGHT(S).

THE SENTENCE IS UNCONSTITUTIONAL
BECAUSE MOVANT DID NOT RECIEVE
EFFECTIVE ASSISTANCE OF COUNSEL
AS GUARANTEED BY THE SIXTH
AMENDMENT OF THE US CONSTITUTION

CLAIMS OF INEFFECTIVE ASSIST-

ANCE OF COUNSEL ARE GOVERNED BY

THE SUPREME COURT'S DECISION IN

STRICKLAND v WASHINGTON, 466 US

668, 687-88, 694, 104 SCT 2052,

2064-65, 2068, 80 LEd 2d 674 —

(1984).

TO SUCCEED ON (A)NY CLAIM OF

INEFFECTIVE ASSISTANCE OF COUNSEL,

3 OF 25

A DEFENDANT MUST SHOW: (1) THE

ATTORNEY'S REPRESENTATION FELL BE-

LOW (A)N OBJECTIVE STANDARD OF

REASONABLENESS, AND (2) THERE IS

A REASONABLE PROBABILITY THAT EX-

CEPT FOR THE ATTORNEY'S UNPROFESS-

IONAL ERROR(S), THE RESULT OF THE

PROCEEDINGS WOULD HAVE BEEN DIF-

FERENT. SEE UNITED STATES V KING,

917 F2d 181, 183 (5TH CIR 1990)

(CITING STRICKLAND, SUPRA).

IN THIS CASE AT BAR, ATTORNEY

4 OF 25

DAVID L BRENGLE, COMMITTED SEVER-

AL UNPROFESSIONAL ERROR (S) AND

OMISSIONS THAT AMOUNTED TO A

PERFORMANCE BELOW (A)N OBJECT-

IVE STANDARD OF REASONABLENESS

FOR COUNSEL IN A CRIMINAL CASE.

PETITIONER ASSERTS, THAT COUNSEL

COMMITTED THE FOLLOWING ERROR(S)

AND OMISSIONS:

COUNSEL WAS CONSTITUTIONALLY
INEFFECTIVE FOR FAILING TO PER-
FECT MOVANT'S REQUESTED NOTICE
OF APPEAL

MOVANT ASSERTS, THAT ATTORNEY

DAVID L BRENGLE, PROVIDED CONSTI-

TUTIONALLY INEFFECTIVE ASSISTANCE OF

COUNSEL FOR: (1) FAILING TO FILE —

MOVANT'S REQUESTED NOTICE OF APPEAL;

AND (2) FAILING TO CONSULT WITH

MOVANT AFTER SENTENCING CONCERN-

ING HIS APPEAL. SEE GOMEZ-DIAZ

V UNITED STATES, 433 F 3d 788, 792

(11TH CIR 2005).

MOVANT CONTENDS, THAT SUCH UN-

PROFESSIONAL ERRORS AND OMISSIONS

BY COUNSEL CONSTITUTES INEFFECTIVE

ASSISTANCE OF COUNSEL. SEE ROE v

FLORES-ORTEGA, 528 US 470, 120

SCT 1029, 145 LEd 2d 985 (2000).

THE SUPREME COURT IN FLORES-

ORTEGA REAFFIRMED THE WELL

SETTLED RULE, THAT (A)N ATTORNEY

WHO FAILS TO FILE (A)N APPEAL

ON THE BEHALF OF A CLIENT WHO

SPECIFICALLY REQUESTS IT, ACTS IN

A PROFESSIONABLE UNREASONABLE

MANNER PER SE. ID AT 477, 120

SCT AT 1035 (CITING RODRIGUEZ v

UNITED STATES, 395 US 327, 89 SCT

1715, 23 LEd 2d 340 (1969)).

THE FLORES-ORTEGA COURT WENT

ON TO HOLD THAT, EVEN IF A CLIENT

HAS NOT MADE A SPECIFIC REQUEST

OF HIS ATTORNEY TO FILE (A)N APPEAL

A COURT MUST INQUIRE WHETHER

THE ATTORNEY CONSULTED WITH THE

CLIENT REGARDING THE ADVANTAGES

AND DISADVANTAGES OF APPEALING

AND MADE A REASONABLE EFFORT TO

TO DETERMINE THE CLIENT'S WISHES.

IF SO, THE ATTORNEY HAS ACTED

UNREASONABLY IF HAS IGNORED THE

CLIENT'S WISHES TO APPEAL THE CASE,

AS IS THE CASE IN THIS INSTANCE.

IF NOT, THE COURT MUST FURTHER

INQUIRE WHETHER THE ATTORNEY HAD

THE AFFIRMATIVE DUTY TO CONSULT.

(AN ATTORNEY HAS THIS DUTY —

WHEN EITHER (i) ANY RATIONAL DE-

FENDANT WOULD WANT TO APPEAL;

OR (2) HIS PARTICULAR CLIENT REA-

SONABLY DEMONSTRATED (A)N INTER-

EST IN APPEALING.

MOVANT IN THIS ACTION, ADVISED

MR BRENGLE, HIS ATTORNEY OF REC-

ORD, THRU HIS CRIMINAL PROCEEDINGS

THAT HE WISHED TO APPEAL.

AND COUNSEL IGNORED MOVANT'S

REQUEST TO APPEAL.

PETITIONER HAS MEET THE CRIT-

ERIA OF FLORES - ORTGA SUPRA

AS TO THE SECOND PRONG OF THE

STRICKLAND TEST, THE FLORES-ORTEGA

10 OF 25

COURT HELD, THAT FAILURE TO FILE

(ON APPEAL THAT THE DEFENDANT

WANTED FILED DENIES THE DEF-

ENDANT HIS CONSTITUTONAL RIGHT

TO COUNSEL AT A CRITICAL STAGE.

ID AT 483, 120 SCT AT 1038.

PETITIONER ARGUES, IN SUCH ——

CASES, PREJUDICE IS PRESUMED, BE-

CAUSE RATHER THAN BEING DENIED

THE OPPORTUNITY FOR A FAIR PRO-

CEEDINGS, THE DEFENDANT IS DE-

NIED THE OPPORTUNITY FOR A ——

PROCEEDING AT ALL. ID (CITING SM-
ITH V ROBBINS, 528 US 259, 120
SCT 746 (2000); PENSON V OHIO,
488 US 75, 88-89, 109 SCT 346
(1988); UNITED STATES V CRONIC, 466
US 648, 104 SCT 2039 (1984); AND
GOMEZ-DIAZ V UNITED STATES, 433
F3d 788, 792 (11TH CIR 2005)).

ACCORDINGLY, TO SATISFY THE PRE-
JUDICE PRONG OF THE STRICKLAND
TEST, A DEFENDANT WHO SHOWS THAT
HIS ATTORNEY HAS IGNORED HIS

WISHES AND FAILED TO FILE (A)N

APPEAL ON HIS BEHALF, NEED ONLY

DEMONSTRATE THAT, BUT FOR THE AT-

TORNEY DEFICIENT PERFORMANCE, HE

WOULD HAVE APPEALED.

MOVANT IS ENTITLED TO (A)N OUT-

OF-TIME APPEAL, REGARDLESS OF

WHETHER HE CAN IDENTITY (A)NY AR-

GUABLY AND MERITORIOUS GROUND(S)

FOR HIS APPEAL. SEE GOMEZ-

DIAZ, 433 F 3d AT 793.

THIS COURT MUST GRANT (A)N

13   OF  25

OUT OF TIME APPEAL OR CONDUCT (AN

EVIDENTIARY HEARING TO RESOLVE THE

FACTUAL DISPUTE. SEE GOMEZ-DIAZ,

433 F3d AT 794.


COUNSEL WAS INEFFECTIVE FOR
FAILING TO CHALLENGE MOV-
ANT'S BASE OFFENSE LEVEL
PURSUANT TO USSG 2K2.1(a)(2)


MOVANT ARGUES THAT DEFENSE

COUNSEL WAS INEFFECTIVE (F)OR

FAILING TO OBJECT AND CHALLENGE

HIS BASE OFFENSE LEVEL UNDER

USSG 2K2.1 (a)(2),

14 OF 25

MOVANT MAINTAINS THAT THE BASE

OFFENSE LEVEL TO WHICH HE WAS

SUBSEQUENTLY SENTENCED UNDER IS

INCORRECT.

MOVANT ARGUES, HAD ATTORNEY ON

RECORD DAVID L BRENGLE, OBJECT-

ED AND CHALLENGED THIS INACCURACY,

MOVANT WOULD HAVE BEEN SENTENCED

TO A MUCH LIGHTER SENTENCE.

MOVANT ARGUES, THAT THE MERE

POSSESSION OF A HANDGUN, IN LIGHT

OF THE SUPREME COURT RULING IN

REHAIF V UNITED STATES, 136 SCT

2191 (2019) CLEARLY STATES, THAT

THE GOVERNMENT MUST PROVE BOTH

THAT THE DEFENDANT KNEW HE

BELONGED TO THE RELEVANT CATEG-

ORY OF PERSONS BARRED FROM...

POSSESSING A FIREARM AND THAT

HE KNEW HE POSSESSED A FIREARM.

PROOF OF KNOWLEDGE OF STATUS

IS NOW ESSENTIAL AND KEY

THUS, PREJUDICE HAS BEEN SHOWN

UNDER STRICKLAND. SEE GLOVER V

16 OF 25

UNITED STATES, 531 US 198, 203, 121

OCT 696 (2001); UNITED STATES v

CHASE, 499 F 3d 1061, 1068 (9TH CIR

2007); ALANIZ v UNITED STATES,

351 F 3d 365, 368 (8TH CIR 2003)

(CONCLUDING THAT (A)N ERROR IN-

CREASING A DEFENDANT'S SENTENCE

BY AS LITTLE AS (6) SIX MONTHS

CAN BE PREJUDICIAL WITHIN THE

MEANING OF STRICKLAND).

MOVANT ARGUES, PREJUDICE IS

SHOWN. NOTING US v QAZI 975 F3d 989

(9TH CIR 2020)

17 OF 25

COUNSEL WAS INEFFECTIVE —
FOR FAILING TO OBJECT AND
CHALLENGE CRIMINAL HISTORY
CALCULATION

COUNSEL PROVIDED CONSTITU-

TIONALLY INEFFECTIVE ASSISTANCE

WHEN FAILING TO OBJECT AN CHAL-

LENGE CRIMINAL HISTORY CALCU-

LATION.

MOVANT ARGUES, THAT BASED ON

THE ADVICE OF HIS ATTORNEY, DAVID

L BRENGLE, HE PLEAD GUILTY.

MOVANT HAD PREVIOUS CONVICT-

18 OF 25

IONS FOR MARIJUANA. MARIJUANA

IS LEGAL IN THE STATE OF MISS-

OURI.

MOVANT HAD CONCERNS ABOUT

HIS CRIMINAL HISTORY, AFTER HE

READ HIS PSR.

IN LIGHT OF TOWNSEND v BURKE,

334 US 736, 68 SCT 1252 (1948)

(RECOGNIZES, DUE PROCESS REQUIRES

THAT A CONVICTED PERSON NOT BE

SENTENCED ON "MATERIALLY UNTRUE"

ASSUMPTIONS OR "MISINFORMATION."

ID AT 741, 68 SCT 1255.

MOVANT ARGUES, THAT CONGR-
ESS' INTEREST IN RELIABLE SEN-
TENCING INFORMATION CAN CLEARLY
BE DISCERNED IN THE VARIOUS
AMENDMENTS TO FEDERAL RULE OF
CRIMINAL PROCEDURE 32. SEE LEWIS v
LANE, 382 F 2d 1446 (CA 7 1987).

DEFENSE COUNSEL DEPRIVED MOV-
ANT OF EFFECTIVE ASSISTANCE OF
COUNSEL BE HE FAILED TO OBJECT
AND CHALLENGE CRIMINAL HISTORY

AFTER MOVANT READ HIS PSR AND
BROUGHT THE DISCREPANCY TO THE
ATTENTION OF HIS ATTORNEY DAVID
L BRENGLE.

AT THIS POINT MOVANT, WISHED
TO WITHDRAW HIS PLEA, BUT WAS
ADVISED BY COUNSEL THAT IT WAS
TO LATE TO DO SO, SEE UNITED
STATES V SEGARRA-RIVERA, 473
F 3d 381, 383 (1ST CIR 2007).

COUNSEL KNEW, THAT IF MOVANT
FILED A MOTION TO WITHDRAW HIS

GUILTY PLEA, THAT HE WOULD BE

FORCED TO DEFEND HIMSELF AG-

AINST A VALID CLAIM OF INEFFEC-

TIVE ASSISTANCE OF COUNSEL AND

BAR COMPLAINT BECAUSE OF HIS...

FAULTY AND ERRONEOUS LEGAL AD-

VICE AND SENTENCE INDUCEMENTS

TO GET MOVANT TO PLEAD GUILTY.

SEE SEGARA-RIVERA, 473 F 3d AT

383; UNITED STATES V COLON-TERRES,

382 F 3d 76, 89 (1ST CIR 2004).

BECAUSE COUNSEL FAILED TO OB-

JECT AND CHALLENGE MOVANT'S CRI-
MINAL HISTORY CALCULATION, MOVANT
ARGUES THAT HIS PLEA WAS (N)OT
KNOWINGLY AND VOLUNTARY ENTERED
AS A RESULT OF INEFFECTIVE AS-
SISTANCE OF COUNSEL AND MUST
BE SET ASIDE. SEGGARA - RIVERA,
SUPRA.

## CONCLUSION

WHEREFORE, BASED ON THE
ABOVE, DONVIE S EDDINGTON, SR

RESPECTFULLY MOVES TO SET ASIDE

HIS GUILTY PLEA AND AFFORD HIM

(A)N OPPORTUNITY TO PLEAD A NEW.

ALTERNATIVELY, APPOINT COUNSEL PUR-

SUANT 18 USC 3006A FOR APPELLATE

PURPOSES, AFFORDING MOVANT (A)N

OPPORTUNITY TO FILE A TIMELY NOT-

ICE OF APPEAL THROUGH APPOINTED

COUNSEL, IN LIGHT OF RULES 6 AND

8 GOVERNING 2255 PROCEEDINGS.

RESPECTFULLY SUBMITTED ON:

9/16/2022.  /s/ Donvie Eddington

DONVIE O'EDDINGTON

24 OF 25

CERTIFICATE OF SERVICE

I, DONVIE S EDDINGTON SR, HEREBY

CERTIFY THAT I SERVED A TRUE COPY

OF THE FOLLOWING INSTRUMENT ON THIS

16TH DAY OF SEPT 2022, VIA U.S. MAIL,

PURSUANT TO HOUSTON V LACK, 487

US 266 (1988) MAILED TO: CLERK,

US DIST CT, 750 MISSOURI AVE,

E ST LOUIS, ILL 62201.

EXECUTED UNDER THE PENALTY OF

PERJURY, PURSUANT 28 USC 1746.

/S/ Donvie Eddington
DONVIE S EDDINGTON SR

25 OF 25

DONVIE S EDDINGTON SR
REG #: 46394-044
FCI RAY BROOK
PO BOX 900
RAYBROOK, NY 12977



CLERK, US DISTRICT COURT
750 MISSOURI AVE
EAST ST LOUIS, ILL 62201



RECEIVED

SEP 29 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE