UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS


DONVIE SADAN EDDINGTON, SR )
  PETITIONER/MOVANT, )
         )
         )
v          )
         )
         )
         )
UNITED STATES OF AMERICA, )
  RESPONDENT. )

**CIVIL ACTION**

Civil No:  22-2001
Crim  No:  3:21-cr-30006

HONORABLE D W DUGAN

MOTION FOR LEAVE TO AMEND AND/OR
SUPPLEMENT FILING PURSUANT TO
FED R CIV P 15(d)

---

 ·NOW COMES, DONVIE SADAN EDDINGTON, SR, petitioner proceeding in pro se, in necessity, pursuant to Boag v MacDougall, 454 US 364 (1982); see also Haines v Kerner, 404 US 519-520 (1972); Gomez-Diaz v United States, 433 F3d 788 (11th Cir 2005), before this Honorable Court, seeking Leave, to file this Motion to Amend and/or Supplement his § 2255 Motion to Vacate, Set Aside or Correct Sentence, that is currenly pending before this Court.

 Petitioner/Movant seeks relief, in light of the Supreme Court holding and ruling in New York State Rifle & Pistol Ass'n v Bruen, 142 SCt 2111, 213 LEd 387 (6/23/2022).

 Petitioner/Movant, now proceeds with his argument in pro se, in necessity.  Boag v MacDougall, 454 US 364 (1982).

<u>APPOINTMENT OF COUNSEL</u>

Pursuant to 18 USC § 3006A(a)(2)(B), Petitioner in this ... action, is requesting the appointment of counsel, to supplement and perfect this pro se filing.

In light of the guarantees under the Sixth and Fourteenth Amendments to the US Constitution, Petitioner argues that this Honorable Court has a duty to assign counsel to represent [a]n ideally indigent defendant in accordance with his constitution-al right, when a lawyer fails to file a Notice of Appeal, at a defendant's request, yet fails to do so, "[w]hich is a purely ministerial task, that imposes no great burden on counsel." See Roe v Flores-Ortega, 528 US 470, 477 (2000)(citing Garza v Idaho, No: 17-1026 (SCt 2/27/2019).

May it be judicially noted, that the Petitioner is in the informa pauperis statust and in the interest of justice, the appointment of counsel is warranted.

<u>SUPPLEMENTAL ARGUMENT</u>

Petitioner challenges his Second Amendment right, as it is not a "second class right," as noted in a 2008 Supreme Court ... ruling in DC v Heller, 554 US 570 (2008).  The Supreme Court in it's opine and dissent stated, that, "[n]o longer can Courts ... balance away a constitutional right.

After the Supreme Court holding in Bruen, it clearly stated "the Government <u>must</u> prove laws regulating conduct covered by

the Second Amendment's plain text align with this Nation's his-
torical tradition.

Petitioner argues, that the Supreme Court ruling in <u>Bruen</u>,
held that "[w]hen the Second Amendment's plain text covers [a]n
individual's conduct, the United States Constitution presumpti-
vely protects that conduct.  To justify it's regulation, the
Government <u>must</u> affirmatively prove that its firearms regulations
part of the historical tradition that delimits the outer bounds
of the right to keep and bear arms ..."

Petitioner argues, that by the mid-1920's, only [6] six ...
states had laws banning concealed carry by someone convicted of
a crime, involving a concealed weapon.  And zero states banned
possession of long guns based on a prior conviction.  Whether or
not this Nation has a history of disarming felons, is arguably
unclear, isn't clearly "longstanding."  And what's even more un-
clear and still unproven is a historical justification for dis-
arming those indicted, for felon in possession.

Petitioner argues, that even before the ruling in <u>Bruen</u>,
there was the Supreme Court ruling in <u>Rehaif</u>, and now Supreme
Court Justice Amy Barrett, when she was a Jurist on the Seventh
Circuit Court of Appeals, she argued in her opine and dissent,
in Kanter v Barr, that the felon-in-possession statute could not
constitutionally apply to people with non-violent convictions.

The Honorable Barrett stated: "[h]istory is consistent with
common sense: it demonstrates that legislatures have the power

to prohibit dangerous people from possessing guns." However, she further stated, "[b]ut that power extends only to people who are dangerous." "Founding-era legislatures did not strip felons of the right to bear arms, simply because of their status as felons. In 1781, and well more than a century afterward, legislatures disqualified categories of people from the right to bear arms, only when they judged that doing so was necessary, to protect the public safety." See United States v Quiroz, No: 22cr00104, 2022 US Dist LEXIS 168329 (WD Tex 9/19/2022)(citing New York State Rifle & Pistol Ass'n, Inc v Bruen, 142 SCt 2111, 213 LEd2d 387 (2022)(citing Kanter v Barr, 919 F3d 469 (7th Cir 2019).

Petitioner further argues, in _Bruen_, the Supreme Court ... changed the applicable framework for analyzing firearm regulation under the Second Amendment. The Higher Court held a new standard ALL Courts _must_ follow ing making this analysis: "[A] Court may conclude that the individuals conduct falls outside of the Second Amendment's 'unqualified command.'"

Petitioner argues, that in analyzing his claim, this Court should delve into the history of the Second Amendment and § 922. It should be judicially noted, that previous Supreme Court ... cases involving the Second Amendment, including _Rehaif_ and _Bruen_, has dealt with the regulations of restricting "where" someone can keep and bear arms, where as § 922 restricts "who" can keep and bear arms.

Petitioner challenges this Honorable Court, to perform a lengthy historical and procedural analysis, on the constitutionality on § 922. Petitioner asserts, that Rehaif, then Bruen ... dramatically changed the legal landscape involving the Second Amendment and who may possess firearms. "The Bruen Court made the constitutional standard 'more explicit' to eliminate asking judges to make 'difficult empirical judgments' about the costs and benefits of firearm restrictions."

Petitioner argues, this Court should frame those same concerns based solely as a historical analysis. See Kanter v Barr 919 F3d 469 (7th Cir 2019)(Judge Amy Barrett dissenting)("[a]bsent evidence that Kanter would pose a risk to public safety, if he possessed a gun, the Government cannot permanently deprive him of his right to bear arms.")

Petitioner concedes, that like Kanter, he is also a non-violent offender.

The Government in this action, has not met that burden.

Petitioner argues, this filing should cast substantial ... doubt regarding his conviction and sentence. See United States v Quiroz, No: 4:22-cr-00104-DC (WD Tex 2022)(citing United States v Randy Price, Case No: 2:22-cr-97 (Dist WV 10/12/2022).

Petitioner argues, in the wake of Bruen, defendant's such as himself, across the country are now challenging whether restrictions (criminal laws) covering the right to possess firearms are still constitutional.

5 of 7

Petitioner challenges, post <u>Bruen</u> Courts are now required to evaluate the 'scope' of the Second Amendment, in light of what it was <u>understood</u> to cover at the time the Second Amendment was '<u>originally</u>' adopted in 1791. Only regulations that would have been considered constitutional in 1791, can be considered constitutional today, according to the United States Supreme Court.

Petitioner argues, this Court should render Petitioner's § 922 as unconstitutional. Petitioner is implicating that his Second Amendment to the United States Constitution is being ... violated.

In light of <u>Du Bo</u>, Petitioner still question the validity of his indictment. See United States v Qazi, 975 F3d 989 2020 US App LEXIS 29651, No: 18-10483 (citing United States v Du Bo, 186 F3d 1177 (9th Cir 1999)(citations omitted).

Lastly, the Supreme Court has recognized for the first ... time, that a Defendant's knowledge of his felon status, is a required element under § 922(g). See Rehaif, 139 SCt 2191 (2019).

Petitioner argues, this indictment should be dismissed, as it fails to describe how he 'knowingly possessed a firearm and fails to explain how he possessed in or affected Interstate Commerce. 18 USC § 924(a)(2). This fatal flaws show how his indictment lacks 'clarity' and is <u>not</u> consistent with § 922 or the US Constitution.

Wherefore, this indictment is defective.

Petitioner asserts, that pro se litigants and their pleadings are to be construed and held to less stringent standards than formal pleadings drafted by lawyers.  See Boag v MacDougall 454 US 364 (1982); Haines v Kerner, 404 US 519-520 (1972); Gomez-Diaz v United States, 433 F3d 788 (11th Cir 2005).

### CONCLUSION

WHEREFORE, ALL PREMISES CONSIDERED, this is the Petitioner/Movant's Prayer for Relief in this action.

DONVIE SADAN EDDINGTON, SR requests the appointment of adequate counsel, to perfect and supplement his pro se filing;

DONVIE SADAN EDDINGTON, SR requests [a]n evidentiary/fact finding hearing, to sort of discreprancies;

DONVIE SADAN EDDINGTON, SR requests the the dismissal of this indictment, under criminal action number:3:21-cr-30006; in light of the claims which have been presented before this Honorable Court and the merits stated herewithin; or [a]ny relief the Court may deem appropriate, in this action, in the interest of justice.

This is Petitioner/Movant's Preayer for Relief.

Respectfully submitted, on this 30th day of October 2022.

/s/  *Donvie Eddington*

DONVIE SADAN EDDINGTON, SR  #46394-044
FCI Ray Brook
PO Box 900
Ray Brook, NY  12977-0900

## CERTIFICATE OF SERVICE

I, DONVIE SADAN EDDINGTON, SR, hereby certify that I have served a true and correct copy of the foregoing instrument, A Motion for Leave to Amend and/or Supplement Filing pursuant to Fed R Civ P 15(d), via US First Class Mail, postage prepaid, on this 30th day of October, 2022, by placing said instrument in the institutional / legal mailbox @ FCI Ray Brook, in Ray Brook, NY and mailing the said instrument, to the addressed agency: Clerk, US District Court, 302 W Main Street, Benton, Il 62812.

This instrument was executed under the pains and penalties of perjury, pursuant to 28 USC § 1746.

/s/ *Donvie Eddington*

        DONVIE SADAN EDDINGTON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

DONVIE SADAN EDDINGTON, SR )
    PETITIONER/MOVANT, )
  )
  )
  )
v )
  )
  )
  )
  )
UNITED STATES OF AMERICA, )
    RESPONDENT. )

<u>CIVIL ACTION</u>

Civil No:  22-2001
Crim  No:  3:21-cr-30006

HONORABLE D W DUGAN

AFFIDAVIT OF:
DONVIE SADAN EDDINGTON, SR

---

    I, DONVIE SADAN EDDINGTON, SR. depose and state that the following facts are true and correct, under the pains and penalties of perjury, to wit:

    1) I, DONVIE EDDINGTON, state that on 8/11/2021, during my sentencing, before this Honorable Court, I was advised by the Court, that I had a right to appeal and that I had [14] fourteen days to file a notice of appeal.  I, DONVIE EDDINGTON ..., state, that I understood my appellate rights and that I would confer with my Attorney of record.

    2) I, DONVIE EDDINGTON, state that I advised my defense attorney after sentencing that I wanted to discuss with him concerning my direct appeal.

1 of 3

3) I, DONVIE EDDINGTON, state that I called my Attorney of record at his office on numerous occasions and left several ... messages with his secretary concerning my appeal.  My Attorney of record, avoided my calls and nevered answered my messages or came to see me at the detention center.

4) I, DONVIE EDDINGTON, state that my Mother and other family members called my Attorney's office numerous time, to find out about the status of my appeal and were never able to talk with counsel personally, but messages were left with counsel's secretary.  As of this date, defense counsel has not written to me, nor did they come to the detention center where I was held, to consult or confer with me, concerning my appeal.

5) I, DONVIE EDDINGTON, state that I wrote a letter too the Clerk of this Court and requested a copy of my Criminal Docket/ Text sheet, so that I could verify that defense counsel filed my requested notice of appeal.

6) I, DONVIE EDDINGTON, state that I never received a copy of my requested Criminal Docket/Text sheet, so I had my Mother and family call the Court Clerk, for the Southern District of Illinois, only to discover, that a Notice of Appeal, had not been filed at my request.

I, DONVIE SADAN EDDINGTON, SR, declare under the penalty of perjuty pursuant to 28 USC § 1746, that the above stated facts are true and correct, to my knowledge and belief.

Executed on this 30th day of October, 2022.

Respectfully submitted to this Honorable Court ... on this 30th day of October, 2022.

/s/ *Donvie Eddington*

DONVIE SADAN EDDINGTON, #46394-044
FCI Ray Brook
PO Box 900
Ray Brook, NY  12977-0900

## CERTIFICATE OF SERVICE

I, DONVIE SADAN EDDINGTON, SR, hereby certify that I have served a true and correct copy of the foregoing instrument, via US First Class Mail, postage pre-paid. on this 30th day of October, 2022, by placing said instrument in the institutional / legal mailbox @ FCI Ray Brook, in Ray Brook, NY and mailing the said instrument, to the addressed agency:  Clerk, US District Court, 302 W Main Street, Benton, Il  62812.

This instrument was executed under the pains and penalties of perjury, pursuant to 28 USC § 1746.

/s/ *Donvie Eddington*

DONVIE SADAN EDDINGTON

October 30, 2022


Clerk, US District Court
302 W Main Street
Benton, IL  62812

    Re: United States v Donvie Sadan Eddington, Sr
        Crim No:  3:21-cr-30006
        Civ  No:  22-2001
        USM No:  #46394-044

    Sub:  Filing of Motion[s]

Dear Clerk:

Please find enclosed for filing; (1) Affidavit of Donvie Sadan
Eddington, Sr; (2) Motion for Leave to Amend and/or Supplement
filing pursuant to Fed R Civ P 15(d), along with Certificates
of Service.

Please be advised, that as a professional courtesy, I am requ-
esting a copy of the enclosed, as I do not have access too a
xerox copier and I am also requesting a copy of my docket/text
sheet, to reflect the actual filing of such.

Thank you so much for your time and consideration in this most
important matter.  May it be judicially noted, that I am making
this request in light of 28 USC § 753(f) and 28 USC § 2250.

Once again, I appreciate your assistance and I pray that you
have a blessed day.  Please advise.

Sincerely,

/s/ _Donvie Eddington_____
      DONVIE SADAN EDDINGTON
      FCI Ray Brook
      PO Box 900
      Ray Brook, Ny  12977-0900

DONNIE S EDDINGTON
REG # 46394-044
FCI RAY BROOK
PO BOX 900
RAY BROOK, NY 12977-0900

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF ILL
302 W MAIN ST
BENTON, IL 62812

LEGAL
MAIL

FCI RAY BROOK
PO. BOX 3000 RAY BROOK, NEW YORK

DATE: 11/11/22

"The enclosed letter was processed through special mailing
procedures for forwarding to you. The letter has neither been
opened nor inspected. If the writer raises a question or problem
over which this facility has jurisdiction, you may wish to return the
material for further information or clarification. If the writer
encloses correspondence for forwarding to another address, please
return the enclosed to the above address.



RECEIVED

NOV 1 4 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE