IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONVIE SADAN EDDINGTON, SR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-02001-DWD |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are the Government's Motions for an Order Authorizing Defense Counsel to Provide a Written Response (Docs. 5 & 9). On September 29, 2022, Petitioner filed a *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Amended Motion") (Doc. 3). The Amended Motion is based on the ineffective assistance of counsel. On October 3, 2022, the Court found the Amended Motion survived preliminary review and directed the Government to file a response.[1]

On October 17, 2022, the Government filed a Motion for an Order Authorizing Defense Counsel to Provide a Written Response (Doc. 5). The Government argued Petitioner's allegations directly or indirectly concern communications between himself and his legal counsel, David Brengle. (Doc. 5, pg. 2). The Government further notes it does not know the content of those communications and, absent information from Mr. Brengle, cannot respond to Petitioner's claims. (Doc. 5, pg. 3). The Government seeks a

---

[1] The Government's Response is due on or before December 19, 2022. Petitioner's Reply is due January 18, 2023.

finding that Petitioner, by placing his communications with Mr. Brengle at issue, waived the attorney-client privilege. (Doc. 5, pg. 3). The Government also seeks authorization for Mr. Brengle to file an affidavit in response to Petitioner's Amended Motion, including information usually protected by the attorney-client privilege. (Doc. 5, pgs. 1, 3).

Given the nature of the Government's Motion, the Court ordered Petitioner to file a response on or before November 9, 2022. (Doc. 7). Petitioner did not file such a Response.[2] Therefore, on November 14, 2022, the Government filed a Second Motion for an Order Authorizing Defense Counsel to Provide a Written Response (Doc. 9). In the alternative, the Government asked the Court to dismiss the Amended Motion. (Doc. 9).

Upon review of the Government's Motions and the controlling legal authorities, the Court **FINDS** Petitioner waived the attorney-client privilege with respect to communications, relating to the allegations contained in the Amended Motion, with Mr. Brengle. *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("[T]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."); *accord Staszak v. U.S.*, No. 15-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015) (noting "that '[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.' [Citations]."). Accordingly, the Court **GRANTS** the Government's Motions and **AUTHORIZES** Mr. Brengle to provide an affidavit in

---

[2] However, the Court notes that Petitioner filed another unrelated filing in this case on November 14, 2022. (Doc. 10).

response to Petitioner's Amended Motion, limited to his communications with Petitioner about the allegations contained therein.[3] *See Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016) (concluding the habeas petitioner, by raising claims of ineffective assistance of counsel, waived the attorney client privilege as to the communications underlying those claims, such that the respondent could compel the petitioner's former legal counsel to provide an affidavit on the subject of the petitioner's habeas motion).

**SO ORDERED.**

Dated: November 18, 2022

_____
DAVID W. DUGAN
United States District Judge

---

[3] The Court declines the Government's invitation to dismiss Petitioner's Amended Motion.