IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONVIE SADAN EDDINGTON, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2001-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's *pro se* Motion and Memorandum in Support of an Evidentiary Hearing and Counsel under 28 U.S.C. § 2255 ("Motion"). (Docs. 18 & 19). The Government filed a Response in Opposition to the Motion. (Doc. 20). For the reasons explained below, Petitioner's Motion is **DENIED without prejudice** at this time.

Petitioner pled guilty to being a felon in possession of a firearm and, on August 11, 2021, was sentenced to 83 months in prison. (Doc. 1, pg. 1). He did not file an appeal or other petition or application related to the judgment and conviction. (Doc. 1, pgs. 1-2).

On August 29, 2022, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 1). He raised three grounds for relief. (Doc. 1, pgs. 4-6). First, Petitioner cited *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to suggest his attorney "Failed to File Notice of Appeal." (Doc. 1, pg. 4). Second, Petitioner stated he received ineffective assistance of counsel due the failure to object to the base offense level under U.S.S.G.

§ 2K2.1. (Doc. 1, pg. 5). Third, Petitioner stated he received ineffective assistance of counsel due to the failure to object to the criminal history calculation. (Doc. 1, pg. 6).

On September 2, 2022, the Court found, although Petitioner largely followed the standard form for relief under § 2255, Petitioner did not complete the "Supporting facts" sections for the above-described grounds for relief. *See* Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings in the United States District Courts; *Estremera v. U.S.*, 724 F.3d 773, 776 (7th Cir. 2013). That is, Petitioner did not "state the specific facts that support[ed] [his] claim[s]." (Doc. 1, pgs. 4-6). Therefore, the Court also found that it was presently unable to assess the grounds for relief asserted by Petitioner. *See* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Petitioner was directed to amend his Motion to rectify those deficiencies.

On September 29, 2022, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Doc. 3). On October 3, 2022, the Court found that Amended Motion survived a preliminary review and directed a Response from the Government. (Doc. 4). Petitioner supplemented the Amended Motion on November 14, 2022. (Doc. 10).

On October 17, 2022, the Government filed a Motion for an Order Authorizing Defense Counsel to Provide a Written Response (Doc. 5). The Government argued Petitioner's allegations concern communications between himself and his legal counsel, David Brengle. (Doc. 5, pg. 2). The Government further noted it does not know the content of those communications and, absent information from Mr. Brengle, could not respond to Petitioner's claims. (Doc. 5, pg. 3). The Government sought a finding that Petitioner, by placing his communications with Mr. Brengle at issue, waived the attorney-

client privilege. (Doc. 5, pg. 3). The Government also sought authorization for Mr. Brengle to file an affidavit in response to the Amended Motion, including information usually protected by the attorney-client privilege. (Doc. 5, pgs. 1, 3). Given the nature of the Government's Motion, the Court ordered Petitioner to file a Response, but he did not do so. (Docs. 7 & 9). Therefore, on November 14, 2022, the Government filed a Second Motion for an Order Authorizing Defense Counsel to Provide a Written Response (Doc. 9).

The Court ultimately found Petitioner waived the attorney-client privilege with respect to communications, relating to the allegations contained in the Amended Motion, with Mr. Brengle. *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *accord Staszak v. U.S.*, No. 15-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015). The Court granted the Government's Motions and authorized Mr. Brengle to provide an affidavit in response to Petitioner's Amended Motion, limited to his communications with Petitioner about the allegations contained therein.[1] *See Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016). The Government responded to the Amended Motion, including by submitting, *inter alia*, Mr. Brengle's affidavit, on December 21, 2022. (Docs. 17; 17-2).

Now, the instant Motion indicates "[t]his Court is faced with conflicting Affidavits, based on disputed factual issues in this § 2255 proceeding[]." (Docs. 18, pg. 4; 19, pg. 1). Petitioner argues the contested facts, related to the allegations of ineffective assistance of counsel, cannot be decided based solely on the affidavits, unless said affidavits are

---

[1] The Court declined the Government's invitation to dismiss Petitioner's Amended Motion.

3

supported by other evidence of record. (Doc. 19, pgs. 1-2). Therefore, in Petitioner's view, the Court must schedule an evidentiary hearing and assign counsel. (Doc. 19, pg. 2).

In response, the Government argues "raising a § 2255 motion does not automatically entitle [Petitioner] to a hearing." (Doc. 20, pg. 2). The Government notes even Petitioner concedes a hearing is not warranted if other evidence of record resolves the contested issues presented by the conflicting affidavits. (Doc. 20, pg. 2). The Government argues its affidavits show Petitioner's claims are false. (Doc. 20, pgs. 3-4).

Now, the Court notes that it previously informed Petitioner of the following: "If the Court's review of the submitted filings indicates that it is necessary to appoint counsel for Petitioner and hold an evidentiary hearing…then the Court will immediately enter an appropriate notice and order." (Doc. 4). The Court stresses that this remains true, even absent a request from Petitioner, at the appropriate time. Indeed, if a motion under § 2255 is not dismissed, as is the case here, then the Court must independently review "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts; *see also Gaylord v. U.S.*, 829 F.3d 500, 506-07 (7th Cir. 2016) (noting a petitioner is entitled to an evidentiary hearing on claims of ineffective assistance of counsel if he has alleged facts that, if proven, would entitle him to relief, but he or she is not entitled to such a hearing if the record conclusively shows the petitioner cannot obtain relief or he or she makes only vague, conclusory, or palpably incredible allegations). Likewise, "if an evidentiary hearing is warranted, the [Court] must appoint an attorney to represent a

4

moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Petitioner's Amended Motion, which is now fully briefed, remains pending and will be resolved at the earliest possible time. The Court assures Petitioner that it will independently assess the need for an evidentiary hearing and appointed counsel, then act accordingly. For present purposes, though, the Motion is **DENIED without prejudice**.

**SO ORDERED.**

Dated: August 14, 2023

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge