United States District Court
For the Southern District of Illinois
January 15th, 2024

United States of America

    Case No. 3:22-cv-02001

v.

Donvie Eddington Sr.

## Amendment to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255

1) Comes Now, Donvie Sudon Eddington, Sr ("For the Defense") and files a Motion to Amend Mr. Eddington Sr's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Defense argues the fact that Mr. Eddington Sr's trial counsel was ineffective pursuant to Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), as the trial counsel failed to file a Motion to Suppress the unlawful Search and Seizure of Mr. Eddington Sr. The fact that the arresting officers violated Mr. Eddington Sr's 4th Amendment rights were both "clear and obvious". The arresting officers searched Mr. Eddington Sr without a warrant and lacked reasonable suspicion. Based on the arguments presented below, with the applicable law, the Defense respectfully request this Court to Vacate Mr. Eddington Sr Conviction, Suppress the unlawful Search and Seizure, and order Mr. Eddington Sr be immediately released from

federal custody.

2) On 10/26/2020, a female (driver of a black Chevrolet Impala) and Mr. Eddington Sr arrived at and parked outside of the Days Inn hotel in Madison County, Illinois. Law enforcement observed the female driver exit the vehicle and proceed inside of the hotel with a hotel guest. Mr. Eddington Sr remained inside of the vehicle on the front passenger side. Law enforcement officers approached the vehicle (which contained tinted windows) and spotted an individual seated in the front passenger seat, later discovered to be Mr. Eddington Sr. Law enforcement officers opened the passenger side door, and forcibly removed Mr. Eddington Sr from inside of the vehicle. Law enforcement officers did not have a search warrant when they opened the door to the vehicle. Law enforcement officers were not conducting a traffic stop as the vehicle was lawfully parked outside of the Days Inn. Mr. Eddington Sr had a clear and obvious expectation of privacy. Because of the window tinting and the time of day the unlawful search and seizure occurred, law enforcement officers were unable to observe a cigarette or any other items in plain view until officers opened the door and forcibly removed Mr. Eddington Sr from the vehicle.

3) Mr. Eddington Sr's trial counsel performance was deficient and had he acted as an advocate for Mr. Eddington Sr, he would have recognized that law enforcement officers "clearly" violated Mr. Eddington Sr's 4th Amendment rights and "there is a

reasonable probability that, but for Counsel's unprofessional errors, the result of the proceeding would have been different." (Strickland, 466 U.S. at 688, 694). "Failure to make 'an obvious and clearly stronger argument' was deficient performance." (Long v. Butler, 809 F.3d 299 (7th Cir. 2015). Law enforcement officers here did not act with reasonable articulable suspicion which is defined as "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion" (See Terry v. Ohio, 392 U.S. 1, 21 (1968)). Law enforcement officers here relied on no facts whatsoever to warrant the unlawful search and seizure. Generalized fear of criminal activity and the presence of someone in a high-crime neighborhood are factors that, standing alone, do not justify seizure. No reasonable suspicion exist to stop a person based solely on presence in neighborhood know for criminal activity (see Brown v. Texas, 443 U.S. 47, 52 (1979)). There are no facts in this case to have warranted the unlawful intrusion by law enforcement officers on 10/26/2020. Had Mr. Eddington Sr's trial Counsel filed the correct pre-trial motion, Mr. Eddington Sr would have never pled guilty and the unlawfully obtained evidence would have been suppressed. There was no probable cause to search the vehicle, there was no reasonable suspicion to warrant officers to approach the vehicle, let alone open the door and forcibly remove Mr. Eddington Sr from the vehicle. This argument was both "clear and obvious" and trial Counsel's failure to raise this argument violated Mr. Eddington Sr's Sixth Amendment Right to effective

assistance of Counsel.

4) Mr. Eddington Sr files this Motion to amend as his Section 2255 Motion remains pending as stated by the Court (see DKT #21, pg #5). The Court then stated that the Motion would be denied "Without prejudice" (see DKT #21, pg #5), which makes this amendment within 1 year of the Court's memorandum & order (8/14/2023). The Defense hereby respectfully request this Court to grant Mr. Eddington Sr's Motion and vacate his conviction, suppress the unlawfully obtained evidence and order the immediate release of Mr. Eddington Sr. Mr. Eddington Sr maintains all prior arguments and issues raised and Seperately based on the other issues the Defense respectfully request the Court to vacate Mr. Eddington Sr's Sentence and remand him back to the district court to either Withdraw his guilty plea and raise the arguments through the correct motions that trial Counsel failed to raise, or to file a notice of appeal that the trial Counsel also failed to do after Mr. Eddington requested him to do so. The Defense notes for the Court that at the bare minimum if the Court vacates Mr. Eddington Sr's Sentence and reschedules Mr. Eddington Sr for resentencing, the 6 point enhancement Mr. Eddington Sr received would no longer be applicable as Mr. Eddington Sr's prior Marijuana Convictions have been dismissed in the State of Missouri due to retroactive changes in the law. Such 6 point decrease in Mr. Eddington Sr's Sentencing Calculations would make

him eligible for immediate release.

Respectfully Submitted,

Donvie Eddington, SR
Donvie Sadan Eddington, Sr.
Defendant-Movant- Pro Se
USP Big Sandy P.O. Box 2068
Inez, KY 41224

page #5 of 5

INMATE NAME: Donvie Eddington
REGISTER # 46394044
UNITED STATES PENITENTIARY, BIG SANDY
P.O. BOX 2068
INEZ, KY. 41224

Clerk of Court
United States District Court
750 Missouri Ave.
East St. Louis, IL 62201

MAIL CLEARED
US MARSHALS



6220132954 C002



RECEIVED
JAN 24 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE