IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONVIE SADAN EDDINGTON, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-2001-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are various filings of the parties. (Docs. 22, 23, 24, 25, 26, 27). Specifically, Petitioner has filed an Amendment to his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, to which the Government filed a Response in Opposition. (Docs. 22 & 23). Petitioner also filed a Reply in Support of his Amendment to the Motion, to which the Government filed a Motion to Strike. (Docs. 24 & 25). Petitioner filed a Response to the Motion to Strike and a Request for Status. (Docs. 26 & 27). As explained below, leave to file the Amendment to the Motion is **GRANTED**. Further, the Government's Motion to Strike (Doc. 25) is **GRANTED in part** and **DENIED in part**. The Affidavit located at Doc. 24, page 6, is **STRICKEN**. Finally, as stated below, Petitioner's Request for Status (Doc. 27) is **GRANTED in part** and **DENIED in part**.

Petitioner pled guilty to being a felon in possession of a firearm and, on August 11, 2021, was sentenced to 83 months in prison. (Doc. 1, pg. 1). He did not file an appeal or other petition or application related to the judgment and conviction. (Doc. 1, pgs. 1-2).

On August 29, 2022, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 1). He raised three grounds for relief. (Doc. 1, pgs. 4-6). First, Petitioner cited *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to suggest his attorney "Failed to File Notice of Appeal." (Doc. 1, pg. 4). Second, Petitioner stated he received ineffective assistance of counsel due the failure to object to the base offense level under U.S.S.G. § 2K2.1. (Doc. 1, pg. 5). Third, Petitioner stated he received ineffective assistance of counsel due to the failure to object to the criminal history calculation. (Doc. 1, pg. 6).

On September 7, 2022, the Court found, although Petitioner largely followed the standard form for relief under § 2255, Petitioner did not complete the "Supporting facts" sections for the above-described grounds for relief. *See* Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings in the U.S. District Courts; *Estremera v. U.S.*, 724 F.3d 773, 776 (7th Cir. 2013); (Doc. 2). In other words, Petitioner did not "state the specific facts that support[ed] [his] claim[s]." (Docs. 1, pgs. 4-6; 2). Therefore, the Court found it was unable to assess the grounds for relief asserted by Petitioner. *See* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings in the U.S. District Courts. Petitioner was directed to amend his Motion to rectify those deficiencies. (Doc. 2).

On September 29, 2022, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 3). On October 3, 2022, the Court found the Amended Motion survived a preliminary review and directed a Response. (Doc. 4). Petitioner supplemented the Amended Motion on November 14, 2022. (Doc. 10).

On October 17, 2022, the Government filed a Motion for an Order Authorizing Defense Counsel to Provide a Written Response. (Doc. 5). The Government argued

2

Petitioner's allegations concern communications between himself and his legal counsel, David Brengle. (Doc. 5, pg. 2). The Government further noted it does not know the content of those communications and, absent information from Mr. Brengle, could not respond to Petitioner's claims. (Doc. 5, pg. 3). The Government sought a finding that Petitioner, by placing his communications with Mr. Brengle at issue, waived the attorney-client privilege. (Doc. 5, pg. 3). The Government also sought authorization for Mr. Brengle to file an affidavit in response to the Amended Motion, including information usually protected by the attorney-client privilege. (Doc. 5, pgs. 1, 3). Given the nature of the Government's Motion, the Court ordered Petitioner to file a Response, but he did not do so. (Docs. 7 & 9). Therefore, on November 14, 2022, the Government filed a Second Motion for an Order Authorizing Defense Counsel to Provide a Written Response (Doc. 9).

The Court ultimately found Petitioner waived the attorney-client privilege with respect to communications, relating to the allegations contained in the Amended Motion, with Mr. Brengle. *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *accord Staszak v. U.S.*, No. 15-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015). The Court granted the Government's Motions and authorized Mr. Brengle to provide an affidavit in response to Petitioner's Amended Motion, limited to his communications with Petitioner about the allegations contained therein.[1] *See Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016). The Government responded to the Amended Motion, including by submitting, *inter alia*, Mr. Brengle's affidavit, on December 21, 2022. (Docs. 17; 17-2).

---

[1] The Court declined the Government's invitation to dismiss Petitioner's Amended Motion.

3

Finally, on February 8, 2023, Petitioner filed a Motion for an Evidentiary Hearing and Memorandum Brief in Support, which the Government opposed. (Docs. 18, 19, 20). Petitioner's Motion indicated "[t]his Court is faced with conflicting Affidavits, based on disputed factual issues in this § 2255 proceeding[]." (Docs. 18, pg. 4; 19, pg. 1). Petitioner argued the contested facts, related to the allegations of ineffective assistance of counsel, could not be decided based on the affidavits, unless said affidavits are supported by other evidence of record. (Doc. 19, pgs. 1-2). In response, the Government argued "raising a § 2255 motion does not automatically entitle [Petitioner] to a hearing." (Doc. 20, pg. 2). The Government noted even Petitioner conceded a hearing was not warranted if other evidence resolved the contested issues in the conflicting affidavits. (Doc. 20, pg. 2). The Government argued its affidavits showed Petitioner's claims are false. (Doc. 20, pgs. 3-4).

In resolving Petitioner's Motion, the Court noted its previous advisement that: "If the Court's review of the submitted filings indicates that it is necessary to appoint counsel for Petitioner and hold an evidentiary hearing…then the Court will immediately enter an appropriate notice and order." (Docs. 4; 21). The Court also stressed that remained true, even absent a request from Petitioner, at the appropriate time. *See* Rule 8(a), (c) of the Rules Governing Section 2255 Proceedings in the U.S. District Courts; *Gaylord v. U.S.*, 829 F.3d 500, 506-07 (7th Cir. 2016); (Doc. 21). The Court concluded Petitioner's Motion, which was fully briefed at that time, remained pending and would be resolved at the earliest possible time. (Doc. 21). Petitioner was assured the Court would independently assess the need for an evidentiary hearing and appointed counsel, then act accordingly. (Doc. 21). At present, though, Petitioner's Motion was denied without prejudice. (Doc. 21).

4

Since that time, the matters pending before the Court were filed on the docket. (Docs. 22, 23, 24, 25, 26, 27). Initially, the Request for Status is **GRANTED in part** and **DENIED in part**. (Doc. 27). This Memorandum & Order shall operate to inform Petitioner of the Status of the case; however, consistent with the above discussion and the discussion at Doc. 21, the Court will not set the matter for an evidentiary hearing at this time.

With respect to the Amendment to the Motion to Vacate, Set Aside, or Correct Sentence under § 2255 and the Government's Response in Opposition thereto, the Court notes that the matter is fully briefed. (Docs. 22, 23, 24). Petitioner presents additional arguments on the merits, to which the Government responds. (Docs. 22 & 23). Accordingly, the Court will allow the Amendment and consider all of the parties' arguments (including, *e.g.*, the Government's arguments as to timeliness and the relation back doctrine) in resolving the merits of the case at the soonest possible date. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Petitioner is **ADVISED** that further piecemeal amendments, filed without the prior leave of the Court under the relevant authorities, will be stricken from the docket.

Finally, the Court addresses the Government's Motion to Strike Petitioner's Reply, which seeks "to strike Petitioner's Reply, in total, or, in the alternative, Petitioner's new evidence, Petitioner's Affidavit." (Docs. 24 & 25). The Government indicates it "objects that Petitioner's Reply improperly includes an affidavit supporting the third amended motion." (Doc. 25, pgs. 1-2). According to the Government, Petitioner has improperly "raise[d] new arguments and evidence for the first time in…reply." (Doc. 25, pg. 2).

5

Under Federal Rule of Civil Procedure 6(c)(2), "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). And, notably, this is not a case where Petitioner merely sought to support reply arguments, as opposed to arguments presented in the Amendment to the Motion, with the Affidavit. *See Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456-57 (E.D. Wisc. 1993); *see also PalatiumCare, Inc. v. Notify LLC*, No. 22-cv-217, 2023 WL 2929462, *4 (E.D. Wisc. April 13, 2023) (" 'New arguments and evidence may not be raised for the first time in a reply brief…. However, a party may expand upon and clarify arguments in its reply brief.' "); *Dillard v. Ron Weber & Assocs. of Illinois, Inc.*, No. 96-cv-50375, 1999 WL 33214, *1 (N.D. Ill. Jan. 22, 1999) ("Where a reply affidavit responds to matters placed in issue by the opposition brief and does not raise new evidence, this court is entitled to consider it."); *Davis v. ArcelorMittal USA, LLC*, No. 18-cv-318, 2021 WL 848106, *7 (N.D. Ind. March 5, 2021) ("There is no prohibition against filing additional affidavits with a reply brief, so long as the new affidavits merely respond to matters placed at issue by the response brief, and do not raise new arguments in favor of granting summary judgment.").

Therefore, the Court follows the rule that, "[w]here new evidence is presented in either a party's reply brief or affidavit in further support of its…motion, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion…or else strike that new evidence." *Baugh*, 823 F. Supp. at 1456-57; *see also Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F. 3d 1130, 1134 n. 1 (7th Cir. 1996) (concluding district court properly considered an affidavit "given that it was submitted in response to [the plaintiff's] arguments in her summary judgment response…which were there

raised for the first time"). Since Local Rule 7.1(a)(4) states "[u]nder no circumstance will sur-reply briefs be accepted," and there has already been extensive briefing of Petitioner's Motion and Amendments in this case, the Court elects to strike the affidavit. L.R. 7.1(a)(4).

As explained above, leave to file the Amendment to the Motion is **GRANTED**. Further, the Government's Motion to Strike (Doc. 25) is **GRANTED in part** and **DENIED in part**. The Affidavit located at Doc. 24, page 6, is **STRICKEN**. Finally, as stated above, Petitioner's Request for Status (Doc. 27) is **GRANTED in part** and **DENIED in part**.

**SO ORDERED.**

Dated: October 23, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge