IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONVIE SADAN EDDINGTON, SR.,　　）
　　　　　　　　　　　　　　　　）
　　　　　　Petitioner,　　　　　）
　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　　）　　Case No. 3:22-cv-2001-DWD
　　　　　　　　　　　　　　　　）
UNITED STATES OF AMERICA,　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　Respondent.　　　　　）

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In this proceeding, Petitioner requests that the Court vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docs. 1, 3, 10, 22, 24). The Government opposes that request. (Docs. 17 & 23). For the reasons explained below, Petitioner's request is **DENIED**.

## I. BACKGROUND

Petitioner pled guilty to being a felon in possession of a firearm and, on August 11, 2021, he was sentenced to 83 months in prison. *See U.S. v. Eddington*, No. 21-cr-30006-DWD, Docs. 17, 28, 47, 48 (S.D. Ill.). Neither a direct appeal, nor any other petition or application related to the Court's judgment and conviction, was filed. (Doc. 1, pgs. 1-2).

On August 29, 2022, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 1). He raised three grounds for relief. (Doc. 1, pgs. 4-6). First, Petitioner cited *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), to suggest his attorney "Failed to File [a] Notice of Appeal." (Doc. 1, pg. 4). Second, Petitioner stated he received ineffective assistance due to his counsel's failure to object to the base offense level under U.S.S.G.

§ 2K2.1(a)(2). (Doc. 1, pg. 5). Third, Petitioner stated he received ineffective assistance due to his counsel's failure to object to the criminal history calculation. (Doc. 1, pg. 6).

On September 7, 2022, the Court found Petitioner did not complete the "Supporting facts" sections for his grounds for relief. *See* Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings in the U.S. District Courts; *Estremera v. U.S.*, 724 F.3d 773, 776 (7th Cir. 2013); (Doc. 2). In other words, Petitioner did not "state the specific facts that support[ed] [his] claim[s]." (Docs. 1, pgs. 4-6; 2). Indeed, Petitioner hardly provided any supporting information at all. (Doc. 1, generally). Therefore, the Court found it was unable to assess the grounds for relief asserted by Petitioner. *See* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings in the U.S. District Courts. He was directed to file an Amended Motion to rectify these deficiencies. (Doc. 2).

On September 29, 2022, Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct Sentence under § 2255. (Doc. 3). With respect to the first ground for relief, Petitioner argues counsel was ineffective due to his failure to consult petitioner about, and then perfect, an appeal. (Doc. 3, pgs. 6-15). As to the second ground for relief, related to the failure of counsel to object to the base offense level, Petitioner argues he "would have been sentenced to a much lighter sentence" in the absence of the error. (Doc. 3, pgs. 15-18). Petitioner also argues, following *Rehaif v. U.S.*, 588 U.S. 225 (2019), the Government had to prove he knew he belonged to the relevant category of persons barred from possessing a firearm and that he knew he possessed a firearm. (Doc. 3, pgs. 16-18). As to his third ground for relief, relating to the failure of counsel to object to the criminal history calculation, Petitioner argues he "read his PSR and brought…discrepanc[ies] to

2

the attention of" counsel. (Doc. 3, pgs. 19-22). Petitioner wished to withdraw his open guilty plea; however, he "was advised by counsel that it was to [*sic*] late to do so." (Doc. 3, pgs. 22-23). Under these circumstances, Petitioner maintains his open guilty plea was not knowing and voluntary. (Doc. 3, pg. 24). On October 3, 2022, the Court found the Amended Motion survived a preliminary review, so it directed a Response. (Doc. 4).

On October 17, 2022, the Government filed a Motion for an Order Authorizing Defense Counsel to Provide a Written Response. (Doc. 5). The Government argued Petitioner's allegations concern communications between himself and his legal counsel, Mr. David Brengle. (Doc. 5, pg. 2). The Government further noted it does not know the content of those communications and, absent information from Mr. Brengle, it could not respond to Petitioner's claims. (Doc. 5, pg. 3). The Government sought a finding that Petitioner, by placing his communications with Mr. Brengle at issue, waived the attorney-client privilege. (Doc. 5, pg. 3). The Government also sought authorization for Mr. Brengle to file an affidavit in response to the Amended Motion, including information usually protected by the attorney-client privilege. (Doc. 5, pgs. 1, 3). Given the nature of the Government's Motion, the Court ordered Petitioner to file a Response, but he did not do so. (Docs. 7 & 9). Therefore, on November 14, 2022, the Government filed a Second Motion for an Order Authorizing Defense Counsel to Provide a Written Response. (Doc. 9).

The Court found Petitioner waived the attorney-client privilege with respect to communications, relating to the allegations in the Amended Motion, with Mr. Brengle. (Doc. 11, pg. 2) (citing *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *Staszak v. U.S.*, No. 15-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015)). The Court granted

the Government's Motions and authorized Mr. Brengle to tender an affidavit in response to Petitioner's Amended Motion, limited to his communications about the allegations at issue. (Doc. 11, pgs. 2-3) (citing *Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016)).

On November 14, 2022, Petitioner filed a Motion for Leave to Amend and/or Supplement his Amended Motion under § 2255. (Doc. 10). In resolving that request, which was filed under Federal Rule of Civil Procedure 15, the Court noted Petitioner sought to raise new arguments under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). (Docs. 10 & 12). He also included an affidavit that touched upon his first ground for relief. (Doc. 10, pgs. 9-11; 12). The Court found, while piecemeal amendments to § 2255 motions are discouraged, it would grant Petitioner leave to supplement the Amended Motion. (Doc. 12). The Government was to address all of his claims. (Doc. 12).

The Government filed a Response in Opposition to Petitioner's requested relief on December 21, 2022. (Doc. 17). It takes the position that Petitioner cannot satisfy the ineffective assistance of counsel inquiry for any of his grounds for relief, arguing: (1) Petitioner was advised of, and consulted on, his right to appeal, but he did not timely request that counsel initiate an appeal; (2) Petitioner's base offense level was correct, he does not identify a specific error in its calculation under § 2K2.1(a)(2), and counsel cannot be ineffective for the failure to raise a frivolous objection to the application of § 2K2.1(a)(2); (3) the Indictment was not violative of *Rehaif*, Petitioner's prior statements and convictions indicate he had the requisite knowledge for the underlying conviction, and counsel cannot be ineffective for the failure to raise a frivolous argument under *Rehaif*; (4) Petitioner's controlled-substance offenses from St. Louis County, Missouri, for

4

the delivery of a controlled substance and the sale of controlled substances, were properly included in his criminal history calculation, and counsel cannot be ineffective for the failure to raise a frivolous objection to the inclusion of those offenses in the criminal history calculation; (5) Petitioner's misconceptions about his criminal history calculation, and counsel's need to object, did not render his open guilty plea unknowing and involuntary for purposes of a plea withdrawal; and (6) Petitioner did not reserve the right to attack the Indictment after entering the open guilty plea, *e.g.*, with an invocation of *Bruen*, and that ruling does not confer rights upon felons. (Doc. 17, pgs. 15-31).

Thereafter, Petitioner filed another Amendment under § 2255, to which the Government filed a Response in Opposition. (Docs. 22 & 23). Petitioner argues, for the first time, counsel failed to file a motion to suppress a search and seizure that was illegal under the Fourth Amendment. (Doc. 22). The Government argues that ground for relief, which was filed over 2 years after the Sentencing Hearing, is untimely, unable to relate back to the other grounds for relief, and without factual support in the record. (Doc. 23).

Petitioner also filed a Reply in Support of his Amendment, which the Government sought to strike, in whole or in part, because it "improperly include[d] an affidavit." (Docs. 24; 25, pgs. 1-2). The Court allowed Petitioner's Amendment, stating it would "consider all of the parties' arguments (including, *e.g.*, the Government's arguments as to timeliness and the relation back doctrine) in resolving the merits of the case." (Doc. 11, pg. 5) (citing Fed. R. Civ. P. 15(a)(2)). The Court also struck the Affidavit submitted with Petitioner's Reply. (Doc. 11, pgs. 6-7) (citing Fed. R. Civ. P. 6(c)(2); *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456-57 (E.D. Wisc. 1993); *PalatiumCare, Inc. v. Notify LLC*,

No. 22-cv-217, 2023 WL 2929462, *4 (E.D. Wisc. April 13, 2023); *Dillard v. Ron Weber & Assocs. of Illinois, Inc.*, No. 96-cv-50375, 1999 WL 33214, *1 (N.D. Ill. Jan. 22, 1999); *Davis v. ArcelorMittal USA, LLC*, No. 18-cv-318, 2021 WL 848106, *7 (N.D. Ind. March 5, 2021); *Beck v. Univ. of Wisconsin Bd. of Regents*, 75 F. 3d 1130, 1134 n. 1 (7th Cir. 1996); L.R. 7.1(a)(4)).

With this background in mind, the Court resolves Petitioner's request to vacate, set aside, or correct his sentence under § 2255. (Docs. 1, 3, 10, 17, 22, 23, 24 (pages 1-5)).

## II. ANALYSIS

Under § 2255(a), the Court will grant the "extraordinary remedy" of vacating, setting aside, or correcting Petitioner's sentence only if he shows it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007). Notably, a hearing on such matters is not necessary when "the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *U.S. v. Taylor*, 605 F. Supp. 3d 1079, 1081 (N.D. Ill. 2022). The undersigned, as the district judge who presided over Petitioner's underlying criminal case, "is uniquely suited to determine if a hearing is necessary." *See Taylor*, 605 F. Supp. 3d at 1081 (quoting *Rodriguez v. U.S.*, 286 F.3d 972, 987 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2002) (cleaned up).

As a substantive matter, the Sixth Amendment to the U.S. Constitution grants criminal defendants the right to the effective assistance of counsel. *Wyatt v. U.S.*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Watson v. Anglin,* 560 F.3d 687, 690 (7th Cir. 2009)). To

prevail on a claim of ineffective assistance of counsel, Petitioner must prove his counsel's performance fell below an objective standard of reasonableness or, to put it another way, was "objectively deficient," and caused prejudice. *See id*. at 457-58 (citing *Strickland*, 466 U.S. at 687-88); *Galbraith v. U.S.*, 313 F.3d 1001, 1008 (7th Cir. 2002). "Both components of the test must be satisfied; 'the lack of either is fatal.' " *Clay v. U.S.*, 311 F. Supp. 3d 911, 918 (N.D. Ill. 2018) (quoting *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)).

During this inquiry, it is presumed that Petitioner's counsel was "reasonably proficient." *Galbraith*, 313 F.3d at 1008 (citing *U.S. v. Godwin,* 202 F.3d 969, 973 (7th Cir. 2000)); *see also Wyatt*, 574 F.3d at 458 ("[A] movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' "); *Clay*, 311 F. Supp. 3d at 919 ("The central question in this analysis is not whether counsel's conduct deviated from best practices or most common custom, but instead, whether an attorney's representation amounted to incompetence under prevailing professional norms.") (cleaned up). Moreover, on the question of prejudice, Petitioner must prove there was a reasonable probability that, absent counsel's objectively unreasonable or deficient performance, he would have insisted on proceeding to trial rather than plead guilty. *See Wyatt*, 574 F.3d at 458 (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)); *Galbraith*, 313 F.3d at 1008 (citing *Tezak,* 256 F.3d at 712; *U.S. v. Jordan,* 870 F.2d 1310, 1318 (7th Cir.1989)). In this context, a "reasonable probability" is a probability that sufficiently undermines confidence in the outcome of the proceedings, and it is not enough for Petitioner to identify errors that merely "had some conceivable

effect on the outcome" of those proceedings. *Clay*, 311 F. Supp. 3d at 919 (quoting *Strickland*, 466 U.S. at 693-94; citing *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002)).

### A. Counsel's Alleged Failure to Consult Petitioner About an Appeal

As to the claim that counsel was ineffective for failing to consult Petitioner about, then perfect, an appeal, the Court notes the following standard from *Flores-Ortega*:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> Because the decision to appeal rests with the defendant, we agree…the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal…. Nonetheless, "[p]revailing norms of practice as reflected in American Bar Association standards and the like…are only guides," and imposing "specific guidelines" on counsel is "not appropriate." And, while States are free to impose whatever specific rules they see fit to ensure that criminal defendants are well represented, we have held that the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices. We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient. Such a holding would be inconsistent with both our decision in *Strickland* and common sense. For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses

satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information. We therefore reject a bright-line rule that counsel must always consult with the defendant regarding an appeal.

We instead hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

528 U.S. 470, 478-80 (2000) (Emphasis in original) (cleaned up); *see also Vinyard v. U.S.*, 804

F.3d 1218, 1225-26, 1228 (7th Cir. 2015) (discussing the standard stated in *Flores-Ortega*).

To show prejudice under the above circumstances, the defendant must show there

was a reasonable probability that, but for counsel's deficient failure to consult, he or she

would have initiated a timely appeal. *Flores-Ortega*, 528 U.S. at 484. Evidence that there

9

were nonfrivolous grounds for an appeal, or that the defendant promptly expressed a desire to appeal, is "highly relevant" to the determination of prejudice. *Id.* at 485.

On this issue, Petitioner admits: "during my sentencing, before this Honorable Court, I was advised by the Court[] that I had a right to appeal and that I had…fourteen days to file a notice of appeal." (Doc. 10, pg. 9). He also admits: "I understood my appellate rights and that I would confer with my Attorney of record." (Doc. 10, pg. 9).

Petitioner attests, sometime after the Sentencing Hearing, he advised counsel of a desire to discuss an appeal. (Doc. 10, pg. 9). Although Petitioner and his family members allegedly called counsel's "office on numerous occasions and left several messages with his secretary concerning [an] appeal," counsel avoided his calls, failed to answer his messages, and declined to visit him in prison to discuss an appeal. (Doc. 10, pg. 10). Petitioner also attests that he requested, but never received, a copy of the docket sheet in Case No. 21-cr-30006-DWD. (Doc. 10, pg. 10).[1] Therefore, it was upon having his mother

---

[1]The Government disputes this attestation by submitting the Declaration of Mr. Derek Stolarzyk, who is the Supervisory Correctional Systems Specialist at FCI Pekin. (Doc. 17-1, pg. 1). That Declaration, together with its supporting documentation, indicates Petitioner signed for and received legal mail from the Clerk of the Court on December 6, 2021, which was almost 4 months after his sentencing. (Doc. 17-1, pgs. 2-3). The Court can also independently confirm that Petitioner was sent the docket sheet from Case No. 21-cr-30006-DWD. The Court entered the following Order in that case on December 2, 2021:

> ORDER granting 33 34 motions for documents. For good cause shown, Defendant Donvie Eddington's 33 34 motions for documents are **GRANTED**. However, there is no plea agreement because Eddington entered an open plea. Accordingly, as a one-time courtesy, the Clerk of Court is directed to send copies of the minutes from the change of plea hearing showing that Eddington entered an open plea (Doc. 17), the judgment (Doc. 31), and the docket sheet to Eddington.

(Doc. 35).

A separate docket notation by the Court indicates those documents were, in fact, sent to Petitioner.

and other family members call the Clerk of the Court that Petitioner allegedly discovered Mr. Brengle failed to initiate an appeal. (Doc. 10, pg. 10).

The Government, for its part, provides the Affidavit of Mr. Brengle. (Doc. 17-2). He attests that Petitioner "was disappointed with the result" of the Sentencing Hearing. (Doc. 17-2, pg. 1). He does "not have an independent memory of any conversations…with Mr. Eddington regarding his appeal rights," but Mr. Brengle attests that it is his "standard practice to file a notice of appeal if any of [his] clients request an appeal." (Doc. 17-2, pgs. 1-2). He does not decline to file a notice of appeal due to a belief that it would lack merit; instead, he files a notice of appeal before following *Anders v. California*, 386 U.S. 738 (1967), if necessary. (Doc. 17-2, pg. 2). Mr. Brengle states, "[I] would have filed a notice of appeal if Mr. Eddington had asked me to do so." (Doc. 17-2, pg. 2). Mr. Brengle further states: "well after [the] time period [to appeal] passed, Mr. Eddington contacted the federal public defender's office and asked to speak with me regarding his appeal rights." (Doc. 17-2, pg. 2). Mr. Brengle does not recall the date of that communication, and he no longer has access to his personal notes regarding the communication because he has changed jobs. (Doc. 17-2, pg. 2). However, Mr. Brengle "recall[s] that the amount of time that passed was significant, and a direct appeal was no longer possible." (Doc. 17-2, pg. 2).

After Petitioner contacted the Federal Public Defender's Office, Mr. Brengle attests to "specifically recall[ing] arranging a telephone call with Mr. Eddington while he was in prison." (Doc. 17-2, pg. 2). He describes that telephone call as follows:

> During the prison telephone call, I recall speaking to Mr. Eddington regarding his appellate rights. I recall explaining to Mr. Eddington that he may not pursue a direct appeal because notice was not timely filed. I

explained to Mr. Eddington that any challenge would be in the form of 2255
and 2241 motions.

During this telephone conversation, Mr. Eddington informed me that he
read an article indicating that Missouri decriminalized marijuana offenses.
I remember that Mr. Eddington was referring to an article involving the
new St. Louis City mayor, Tishaura Jones. I remember that Mr. Eddington's
prior marijuana convictions occurred in St. Louis County, Missouri. The
fact that St. Louis City no longer prosecuted marijuana offenses did not
impact Mr. Eddington's St. Louis County convictions.

After concluding the conversation with Mr. Eddington, I printed off 2255
forms. I took the legal research to a legal assistant at the Federal Public
Defender's Office and asked the legal assistant to mail this research to Mr.
Eddington.

(Doc. 17-2, pgs. 2-3).

The Government also provides the Declaration of Ian Dawson, who is a Case

Manager at FCI Pekin. (Doc. 17-3). With respect to a call between Petitioner and Mr.

Brengle, Mr. Dawson attests, in part, to the following:

I do not recall the specific date of the telephone call, but I do remember that
it occurred after December 24, 2021. I am able to identify that date because
inmate Eddington engaged in conduct that caused him to be transferred to
the Special Housing Unit (SHU) on December 24, 2021. The attorney
telephone call took place after he was transferred to the SHU.

When inmates have conversations with their lawyers, Case Managers
arrange for telephone calls within staff work areas. I arranged for the
telephone call between inmate Eddington and his lawyer.

Immediately after the telephone call, I recall asking inmate Eddington if he
needed an additional attorney telephone call arranged. Inmate Eddington
told me that he did not.

(Doc. 17-3, pg. 2).

Based on these attestations, the record does not definitively indicate that Petitioner

timely expressed a desire for Mr. Brengle to file an appeal. *See Flores-Ortega*, 528 U.S. at

478. The Government, for its part, takes the position that Petitioner did not express such a desire until December 2021, which was long after the 14-day window had closed. (Doc. 17, pg. 17). And, while Mr. Brengle states he would have filed an appeal if asked to do so, the extent to which he consulted Petitioner about an appeal is also unclear. *See Flores-Ortega*, 528 U.S. at 478; (Doc. 17-2, pgs. 1-2). Even assuming for the sake of argument that Mr. Brengle did not consult with Petitioner about the filing of an appeal, though, the Court finds that failure does not reflect deficient performance. *See Flores-Ortega*, 528 U.S. at 478-79; *see also Quintero v. U.S.*, 316 F. Supp. 2d 711, 719 (N.D. Ind. 2004) ("[I]f counsel did not consult with the client regarding a possible appeal, the question becomes whether the attorney's failure to consult constituted deficient performance. In other words, did counsel have a duty to consult with the client regarding an appeal?") (cleaned up).

In so finding, the Court notes this case resembles the hypotheticals, articulated in *Flores-Ortega*, for when the failure to consult about an appeal is not unreasonable. *See Flores-Ortega*, 528 U.S. at 479. As to the first hypothetical, the transcripts from the Change of Plea and Sentencing Hearings indicate Petitioner read and understood the Indictment, had the opportunity to speak with Mr. Brengle about the charge and potential punishment (*i.e.*, a term of imprisonment up to 120 months), understood he was giving up various rights by openly pleading guilty (*e.g.*, the right to contest the indictment), understood the Court assigns the appropriate punishment based on the sentencing guidelines and PSR, understood the consequences of the Stipulation of Facts, was making the decision to openly plead guilty and to end the proceedings, had the opportunity to review the PSR by himself and with Mr. Brengle, did not have questions about the PSR

13

that required a discussion with Mr. Brengle, understood based on his offense level and criminal history category that the sentencing range was 77 to 96 months of imprisonment, was sentenced at the low end of the sentencing range to a term of imprisonment of 83 months, understood he reserved the right to appeal his conviction and sentence, and understood but had no questions about the timing for filing an appeal. *See Eddington*, No. 21-cr-30006-DWD, Sealed Doc. 21; Docs. 47, pgs. 5-12, 14-16; 48, pgs. 2-5, 9, 12-14. Again, Mr. Brengle attests that he would have filed an appeal if asked to do so, regardless of its merits, but the record does not definitively indicate Petitioner timely expressed a desire for an appeal. (Docs. 10, pgs. 9-10; 17-2, pgs. 1-2). When considering a hypothetical with like circumstances, our Supreme Court stated: "it would be difficult to say that counsel [wa]s 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal." *See Flores-Ortega*, 528 U.S. at 479.

Similarly, as to the second hypothetical in *Flores-Ortega*, the Court's instructions at the Sentencing Hearing about Petitioner's appellate rights were so clear and informative as to reasonably substitute for Mr. Brengle's duty to consult. *See id*. at 479-80. In light of those instructions, Mr. Brengle could have reasonably decided that the information did not need to be repeated to Petitioner. *See id*. at 480. Again, at the Sentencing Hearing, the Court ensured, *inter alia*, Petitioner: (1) understood he could appeal his conviction and sentence; and (2) understood but had no questions about the timing for filing an appeal. *See Eddington*, No. 21-cr-30006-DWD, Doc. 48, pgs. 12-14. Accordingly, based on the entirety of the circumstances known to Mr. Brengle following the Change of Plea and Sentencing Hearings, which resemble the hypotheticals from *Flores-Ortega*, the Court

14

finds he did not have a constitutionally imposed duty to consult with Petitioner about an appeal because there was no reason to believe a rational defendant would want to appeal, or that Petitioner timely and reasonably demonstrated an interest in appealing. *See Flores-Ortega*, 528 U.S. at 480; *see also Bednarski v. U.S.*, 481 F.3d 530, 536 (7th Cir. 2007) (holding, even if the district court concluded the petitioner's attorney failed to properly consult with him about an appeal, the petitioner could not succeed on an ineffective assistance of counsel claim under *Strickland* and *Flores-Ortega* because he was apprised of the sentencing range before entering a guilty plea, he did not object to the PSR, the PSR and the district court "clearly informed" him that he was facing serious prison time, the district court sentenced him at the low end of the sentencing range, he was repeatedly advised that pleading guilty would leave only a challenge to the legality of his sentence as a basis for an appeal, and there was no credible evidence to indicate he reasonably demonstrated to his attorney an interest in appealing); *Quintero*, 316 F. Supp. 2d at 720-22 (finding the petitioner's attorney did not have a duty to consult with him about an appeal where, *inter alia*, the petitioner pled guilty to just one of five counts in an indictment, the guilty plea indicated the petitioner sought an end to the judicial proceedings, the guilty plea and the plea agreement's call for a dismissal of four counts of the indictment "seem[ed] to be a very good deal" and was "hardly the kind…a rational defendant would jeopardize by appealing," and the petitioner was sentenced to a term of imprisonment of 87 months despite facing a term between 60 and 480 months).

Alternatively, even if Mr. Brengle performed deficiently due to a failure to consult Petitioner about an appeal, Petitioner cannot show there was a reasonable probability,

but for that alleged error, he would have filed a timely appeal for purposes of the prejudice inquiry under *Strickland* and *Flores-Ortega*. *See Flores-Ortega*, 528 U.S. at 484-85. As previously discussed, and as discussed below in relation to Petitioner's other grounds for relief, the Court cannot find there were nonfrivolous grounds for an appeal or that Petitioner promptly expressed a desire to appeal. *See id*. at 485; *see also Bednarski*, 481 F.3d at 534, 536-37 (holding, even if it found the petitioner satisfied the first prong of the *Strickland* test, as clarified by *Flores-Ortega*, he could not show prejudice under those authorities because, *inter alia*, he did not provide any nonfrivolous grounds for an appeal, there was no evidence to suggest he promptly expressed a desire to appeal, and, other than expressing disappointment about the imposed sentence, he failed to show any substantial reason to believe that he would have timely filed an appeal but for counsel's failure to consult). For these reasons, the Court must reject the first ground for relief.

### B. Counsel's Alleged Failure to Object to Petitioner's Base Offense Level

Petitioner maintains he received ineffective assistance due to Mr. Brengle's failure to object to an application of § 2K2.1(a)(2), which sets a defendant's base offense level at 24 if he or she "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 2K2.1(a)(2); (Docs. 1, pg. 5; 3, pgs. 15-18). As noted by the PSR, Petitioner "has prior convictions for Delivery of a Controlled Substance (Docket No.: 08SL-CR04673[]) and Sale of a Controlled Substance (Docket No.: 08SL-CR03314)." *See Eddington*, No. 21-cr-30006-DWD, Sealed Doc. 21, pgs. 4, 8. Nevertheless, Petitioner fails to state any specific basis on which Mr. Brengle should have objected to an

application of § 2K2.1(a)(2). Likewise, he fails to articulate any reason that the prior convictions could not be considered, or rendered his base offense level incorrect, at the time of the Sentencing Hearing. This is despite Petitioner's statements at the Sentencing Hearing that he had the opportunity to review the PSR by himself, he had the opportunity to review the PSR with Mr. Brengle, and he did not have any questions about the PSR that required discussion with Mr. Brengle. *See id*. at Doc. 48, pgs. 2-3. For these reasons, the Court concludes Mr. Brengle did not perform deficiently, or cause prejudice to Petitioner, by failing to object to the base offense level provided by § 2K2.1(a)(2). *See Wyatt*, 574 F.3d at 457-58; *Galbraith*, 313 F.3d at 1008; *Clay*, 311 F. Supp. 3d at 918-19.

### C. Counsel's Alleged Failure to Object to Petitioner's Criminal History Calculation

Next, Petitioner argues he received ineffective assistance due to Mr. Brengle's failure to object to his criminal history calculation. (Docs. 1, pg. 6; 3, pgs. 19-22). According to Petitioner, that failure to object also rendered his open guilty plea unknowing and involuntary. (Doc. 3, pg. 24). The Court cannot accept these arguments. For one thing, Petitioner does not explain or provide support for the assertion that his prior convictions in St. Louis County, Missouri, were improperly included in his criminal history category. Similarly, as is alluded to in Mr. Brengle's Affidavit, Petitioner does not explain why any change in the policy for prosecuting marijuana offenses in the City of St. Louis, after the Sentencing Hearing, would in any way impact his prior convictions in St. Louis County. *See Eddington*, No. 21-cr-30006-DWD, Sealed Doc. 21, pgs. 4, 8; (Docs. 17, pg. 9 n. 3; 17-2, pgs. 2-3). There is no indication those St. Louis County convictions

have been disturbed. It is also notable, again, that Petitioner indicated he had the opportunity to review the PSR himself, he had the opportunity to review the PSR with Mr. Brengle, and he did not have any questions about the PSR that required discussion with Mr. Brengle. *See Eddington*, No. 21-cr-30006-DWD, Doc. 48, pgs. 2-3. And, more broadly, it is clear from the Court's review of the transcripts from the Change of Plea and Sentencing Hearings that Petitioner's open guilty plea was not rendered unknowing and involuntary due to Mr. Brengle's failure to object to the criminal history calculation. *See Eddington*, No. 21-cr-30006-DWD, Docs. 47, pgs. 5-12, 14-16; 48, pgs. 2-5, 9, 12-14; *see also U.S. v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020) (noting the verity of a defendant's statements during a colloquy under Federal Rule of Criminal Procedure 11 is presumed); *U.S. v. Vizcarra-Millan*, 15 F.4th 473, 499 (7th Cir. 2021) (recognizing solemn declarations in open court carry a strong presumption of verity); *U.S. v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). As such, the Court concludes Mr. Brengle did not perform deficiently, or cause prejudice to Petitioner, by failing to object to his criminal history calculation. *See Wyatt*, 574 F.3d at 457-58; *Galbraith*, 313 F.3d at 1008; *Clay*, 311 F. Supp. 3d at 918-19.

### D. Counsel's Alleged Failure to Present Arguments Under *Rehaif* and *Bruen*

Petitioner also presents arguments under *Rehaif* and *Bruen* that must be rejected by the Court. At the Change of Plea Hearing, Petitioner confirmed his understanding of

the consequences of agreeing to the Stipulation of Facts, which stated he admitted to a prior felony conviction, and his inability to challenge the sufficiency of the Indictment after pleading guilty. *See Eddington*, No. 21-cr-30006-DWD, Docs. 18, pg. 2; 47, pgs. 12-15; *see also U.S. v. Bell*, 70 F.3d 495, 496 (7th Cir. 1995) (Seventh Circuit noting the general rule that, in the absence of a jurisdictional defect, "a knowing and voluntary guilty plea bars a subsequent challenge based on constitutional deprivations"); *U.S. v. Turner*, 55 F.4th 1135, 1139 (7th Cir. 2022) (Seventh Circuit recognizing, in the context of an unconditional plea, "[a] defendant… 'waives all nonjurisdictional defects arising before his plea.' ").

For purposes of *Rehaif*, Petitioner confirmed he read and understood the Indictment, which the Court also reviewed during its Rule 11 colloquy at the Change of Plea Hearing. *See Eddington*, No. 21-cr-30006-DWD, Doc. 47, pgs. 5-6. The Court stated:

> In the indictment, Count I is for felon in possession of a firearm. It says that on or about October 26, 2020, in Madison County, Illinois, within the Southern District of Illinois, Donvie S. Eddington…having previously been convicted of a felony punishable by imprisonment for a term exceeding one year—namely, felon in possession of a firearm in Case No. 16-cr-496 in the United States District Court for the Eastern District of Missouri—*and knowing that he had been convicted of such a crime did knowingly possess a certain firearm*.

*Id*. (Emphasis added.).

When asked if he understood these allegations, as contained in the Indictment, Petitioner answered: "Yes, sir." *Id*. at 6. He also had the opportunity to speak to Mr. Brengle about the charge in the Indictment. *See id*. at 6-7. As such, Petitioner's argument under *Rehaif* lacks merit. *See U.S. v. Dawson*, No. 23-cr-23, 2024 WL 4973477, *2-3 (N.D. Ind. Dec. 4, 2024) (rejecting ineffective assistance of counsel claim based on *Rehaif* where,

"even if trial counsel had not specifically mentioned *Rehaif* by name, the colloquy covered the substantive elements from the law," and the petitioner's argument contradicted his sworn statements at the plea hearing that "counsel explained to him the elements the government would need to prove" and "he understood what needed to be true for him to be guilty"); *Richardson v. U.S.*, No. 21-cv-529, 2023 WL 3021608, *6 (S.D. Ind. April, 20, 2023) (rejecting ineffective assistance of counsel claim based on *Rehaif* where there was no indication counsel was aware of evidence that suggested the petitioner did not know he was a felon, there was not a reasonable probability that the petitioner would have proceeded to trial if he knew of *Rehaif*, the petitioner had not suggested he could present evidence at trial to show he was unaware of his status as a felon, and the petitioner could not have introduced reasonable doubt at a trial due to his criminal history); *U.S. v. Hudson*, No. 19-cr-17, 2022 WL 218914, *3-4 (N.D. Ind. Jan. 25, 2022) (rejecting ineffective assistance of counsel claim based on *Rehaif* where the petitioner admitted to knowing he was a felon and a "prohibited person," the petitioner engaged in a colloquy that indicated he understood those admissions, and the record contained "more than sufficient knowledge to support the conviction"); *Cosby v. U.S.*, 19-cv-878, 2020 WL 4219952, *2 (S.D. Ill. July 23, 2020) (rejecting ineffective assistance of counsel claim based on *Rehaif* where the petitioner had numerous prior felony convictions, such that it would have been implausible and frivolous for counsel to argue he was unaware of his status as a felon).

Likewise, in the context of *Bruen*, the Court initially notes that Petitioner was indicted on January 21, 2021, the Change of Plea Hearing was held on April 14, 2021, the Sentencing Hearing was held on August 11, 2021, and *Bruen* was decided on June 23,

2022. *See Eddington*, No. 21-cr-30006-DWD, Docs. 1, 47, 48; *Bruen*, 597 U.S. at 1. As a result, the Court again notes, when pleading guilty, Petitioner indicated an understanding that he was forgoing challenges to the sufficiency of the Indictment. *See Eddington*, No. 21-cr-30006-DWD, Doc. 47, pg. 12; *Bell*, 70 F.3d at 496; *Turner*, 55 F.4th at 1139.

When viewed as an ineffective assistance of counsel claim, the Court cannot find Mr. Brengle was ineffective for failing to raise a *Bruen* argument. *See Bridges v. U.S.*, 991 F.3d 793, 804 (7th Cir. 2021) ("Defense attorneys…are generally not obliged to anticipate changes in the law."). Indeed, various district courts have now rejected similar arguments. *See, e.g., Fuller v. U.S.*, No. 24-cv-1711, 2025 WL 1724483, *2 (S.D. Ill. June 20, 2025) (rejecting ineffective assistance of counsel claim based on *Bruen* where, *inter alia*, the three district court decisions in the Seventh Circuit that were favorable to the petitioner's position were handed down after he pled guilty, no court had found 18 U.S.C. § 922(g)(1) unconstitutional at the time relevant to evaluating the petitioner's counsel, and the district court "ha[d] specifically and repeatedly rejected such challenges," all of which meant any motion to dismiss that was filed at the time of the petitioner's guilty plea would have been unsuccessful); *U.S. v. Decker*, No. 22-cr-29, 2025 WL 1589298, *4-5 (N.D. Ind. June 5, 2025) (rejecting ineffective assistance of counsel claim based on *Bruen* because, even if counsel raised the issue in a motion to dismiss, that motion to dismiss would have been denied, just as the district court had denied all similar motions); *U.S. v. Harris*, No. 21-cr-70, 2025 WL 1411078, *4 (N.D. Ind. May 15, 2025) (rejecting ineffective assistance of counsel claim based on *Bruen* where "[t]here [wa]s no reason to believe a motion to dismiss on th[at] basis would have succeeded"); *U.S. v. Daniels*, No. 22-cr-91,

2025 WL 1148426, *7-9 (N.D. Ind. April 18, 2025) (rejecting ineffective assistance of counsel claim based on *Bruen* where the district court, like "the vast majority of other courts across the country," had "found repeatedly" that facial and as-applied challenges to § 922(g)(1) "ha[ve] little support" and the petitioner was "within the group of people whom Congress may reasonably regulate in relation to firearms possession"); *Kelly v. U.S.*, No. 25-cv-142, 2025 WL 815613, *4 (E.D. Wisc. March 14, 2025) (rejecting ineffective assistance of counsel claim based on *Bruen* where "[a]ny motion to dismiss the felon-in-possession charge…would have been denied" as waived or without merit); *Dawson*, 2024 WL 4973477 at *2 (rejecting ineffective assistance of counsel claim based on *Bruen* because it "would not render [the petitioner's] charge unconstitutional," as necessary to satisfy the prejudice requirement). The reasoning from these authorities applies in this case.

The Court stresses, as implied from the above authorities, that Petitioner could not succeed on a *Bruen* argument. The undersigned, and nearly every other court to consider the issue, has rejected such arguments. *See, e.g.*, *U.S. v. Sloat*, 705 F. Supp. 3d 862 (S.D. Ill. 2023); *U.S. v. Perkins,* 709 F. Supp. 3d 610 (S.D. Ill. 2023); *U.S. v. Clubb*, No. 23-cr-30099, 2024 WL 167676 (S.D. Ill. Jan. 16, 2024); *U.S. v. Wiley*, 718 F. Supp. 3d 888 (S.D. Ill. 2024), appeal dismissed, No. 24-1421, 2024 WL 4212901 (7th Cir. Apr. 11, 2024); *U.S. v. Pierce*, No. 23-cr-30046, 2024 WL 1554835 (S.D. Ill. Apr. 10, 2024); *U.S. v. Cole*, No. 24-cr-30018, 2025 WL 305459 (S.D. Ill. Jan. 27, 2025); *U.S. v. Bennett*, No. 24-cr-30004, 2025 WL 894979 (S.D. Ill. March 24, 2025). The holdings in those cases—*i.e.*, that § 922(g)(1) is consistent with the historical tradition of firearms regulation in the United States and that prior felonies related to drugs and guns may support a finding of dangerousness, if required—

would apply in this case. As such, the Court concludes Mr. Brengle did not perform deficiently, or cause prejudice to Petitioner, by failing to raise *Rehaif* or *Bruen* arguments. *See Wyatt*, 574 F.3d at 457-58; *Galbraith*, 313 F.3d at 1008; *Clay*, 311 F. Supp. 3d at 918-19.

### E. Counsel's Alleged Failure to File a Motion to Suppress

Finally, Petitioner argues Mr. Brengle failed to file a motion to suppress a search and seizure that was unlawful under the Fourth Amendment. (Doc. 22). That argument was presented for the first time on January 24, 2024, which was nearly 2.5 years after the entry of the Judgment in the criminal proceedings. *See Eddington*, No. 21-cr-30006-DWD, Doc. 31; (Doc. 22). As such, the Court finds this argument is untimely and unable to relate back to the other properly presented grounds for relief. *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of…the date on which the judgment of conviction becomes final."); Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."); *Coleman v. U.S.*, 79 F.4th 822, 829 (7th Cir. 2023) ("Even where an amendment invokes a legal theory not suggested by the original complaint and relies on facts not originally asserted, relation back is in order so long as the original and amended petitions state claims that are tied to a common core of operative facts. Indeed, even significant changes to a complaint can relate back so long as the defendant had fair notice of the substance of the new allegations from the outset.") (cleaned up). Aside from the

fact that it arises in the context of ineffective assistance of counsel, Petitioner's present argument is completely unrelated to his other properly presented grounds for relief.

Even if this were not the case, the Court notes Petitioner's present argument would fail for some of the same reasons as his other grounds for relief, including that he entered a knowing and voluntary guilty plea after stipulating to the facts of the case and participating in a thorough Rule 11 colloquy with the Court. *See Eddington*, No. 21-cr-30006-DWD, Docs. 18 & 47, generally. And, importantly, Petitioner can only show his argument has merit by contradicting the Stipulation of Facts and ignoring his attestations during the Rule 11 colloquy. *See U.S. v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021) ("When the alleged deficiency is based on counsel's failure to move to suppress evidence, a defendant must 'prove the motion was meritorious.' "). Petitioner has not shown that is appropriate. *See Bell*, 70 F.3d at 496; *Turner*, 55 F.4th at 1139; *Barr*, 960 F.3d at 917; *Vizcarra-Millan*, 15 F.4th at 499; *Peterson*, 414 F.3d at 827. Accordingly, the Court finds in the alternative that Mr. Brengle was not ineffective for failing to file a motion to suppress. *See Wyatt*, 574 F.3d at 457-58; *Galbraith*, 313 F.3d at 1008; *Clay*, 311 F. Supp. 3d at 918-19.

### III. CONCLUSION

For the reasons explained above, Petitioner's request to vacate, set aside, or correct his sentence under § 2255 is **DENIED** without a hearing. *See* 28 U.S.C. § 2255(b); *Taylor*, 605 F. Supp. 3d at 1081. The case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Rule 11(a) of the Rules Governing § 2255 Cases in the U.S. District Courts requires the issuance or denial of a certificate of appealability when a final order is entered against

an applicant. Such a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.' " *U.S. v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004); citing *Arredondo v. Huibregtse,* 542 F.3d 1155, 1165 (7th Cir.2008)); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court **FINDS** the alleged grounds for relief lack merit, and reasonable jurists would not find that conclusion debatable or wrong. Since Petitioner has not made a "substantial showing of the denial of a constitutional right," the Court **DECLINES** to issue a certificate of appealability.

      **SO ORDERED.**

      Dated: July 7, 2025

                                              _____

                                              DAVID W. DUGAN
                                          United States District Judge